UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 2 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| William H. Evans, Jr., | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Action No. 08 1267 |
| Robert S. Mueller, III, | ) ) ) |
| Respondent. | ) |

MEMORANDUM OPINION

Before the Court are petitioner's application for a writ of mandamus brought *pro se* and his motion to proceed *in forma pauperis*. The Court will grant the motion to proceed *in forma pauperis* and will dismiss the case pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

Petitioner seeks to compel FBI Director Robert Mueller to investigate his "overall situation" as a state prisoner in Lucasville, Ohio, and to "transfer [him] over into the Federal Bureau of Prisons . . . as a protective custody [] status." Compl. at 1-2. He also seeks $5 million in monetary damages. *Id.* at 7. Petitioner alleges that various individuals and officials in Ohio have conspired to harm or even kill him, *see* Compl. at 2-5, and that, despite his "numerous letters to defendant," the FBI has refused to assist him. *Id.* at 5-6.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).



3

The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995). Similarly, the Attorney General's decisions concerning protective custody are discretionary and, thus, are not subject to mandamus relief. *See* 18 U.S.C. § 3521(a)(3) ("The United States and its officers and employees shall not be subject to any civil liability on account of any decision to provide or not to provide protection under this chapter."); *U.S. v. Gigante*, 187 F.3d 261, 262 (2d. Cir. 1999) (district court lacked jurisdiction to consider request to be returned to the witness protection program). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: July 18, 2008